No. 3327

*Second Circuit*

ALLISON-LANGSTON SUPPLY CO., INC
v. PAULETTE ET AL.

(January 21, 1929.  Opinion and Decree.)
(March 12, 1929.  Rehearing Refused.)
(April 22, 1929.  Writ of Certiorari and Review Refused by Supreme Court.)

A. D. Flowers, of Jena, attorney for plaintiff, appellee.

R. W. Oglesby, of Winnfield, attorney for defendant, appellant.

WEBB, J.  Plaintiff, Allison-Langston Supply Company, Inc., alleging that its assignor had sold to E. C. Paulette, for the use and benefit of Paulette and the Bank of Winnfield, goods, wares, merchandise, oil well supplies and equipment on which there was a balance due and for which a lien had been filed against a certain mineral lease acquired by the Bank of Winnfield under an assignment from Paulette of date March 29, 1927, prayed for process against Paulette and the Bank of Winnfield and on final hearing for judgment against them in solido for the balance due with recognition of the lien.

Service was not made on Paulette, and the Bank of Winnfield answered denying that the goods, wares, merchandise, etc., had been sold to Paulette for the use of the Bank of Winnfield, and while admitting that it had taken an assignment of the mineral lease from Paulette, denied that plaintiff had filed a lien against same, and further alleged that the assignment was taken merely as security for an indebtedness due by Paulette to the Bank of Winnfield, and that it had foreclosed

under a special mortgage held by it against the lease, and had purchased same under such proceedings for an amount which was insufficient to pay the cost, and that if plaintiff had a privilege it was extinguished by the sale had under foreclosure proceedings, and prayed that plaintiff's demands be rejected.

The cause being tried and submitted, judgment was rendered against the Bank of Winnfield for the amount claimed, without any recognition of the asserted privilege, from which the defendant Bank of Winnfield alone appeals.

Plaintiff not appealing from the judgment and failing to answer the appeal, it is unnecessary to consider the question as to whether the asserted lien against the lease was effective, and the evidence failing to show that the Bank of Winnfield had authorized Paulette to make the purchases, apparently the only ground urged in support of the personal judgment against the bank is the claim that the principal part of the goods, wares, etc., had been sold to Paulette for developing the lease while the record title to the lease stood in the name of the bank, and that the bank knew that Paulette was developing the lease, and was therefore personally bound for materials used in the development of the property.

There is not any authority cited in support of the position that the owner of property which is being improved, or of an oil lease which is being developed, with his knowledge, is personally liable for material purchased and used in developing the property and we have been unable to find any; but if there could be such liability it must be on the theory that the owner of the lease should be held to have impliedly authorized the purchase.

In the present instance it is established that a portion of the merchandise was purchased by Paulette prior to the assignment of the lease to the Bank of Winnfield, and it certainly cannot be said that the bank, the subsequent assignee of the lease, had impliedly authorized the purchase of the merchandise, even conceding that such merchandise was material, and used by Paulette in developing the lease, but conceding, without deciding, that the owner of property or a mineral lease with knowledge that it was being developed should be held to have impliedly authorized the purchase of material used in developing the property, such implied authorization would extend only to the purchases of material to be used in developing the lease, and even in that case, such authorization could not be implied where the evidence established that the apparent owner was not the real owner, and that the purchases were made by the real owner, who had merely assigned the lease to secure an indebtedness due by him; and in the present instance the evidence failing to show that the merchandise purchased by Paulette after the assignment of the lease to the Bank of Winnfield consisted of material for developing the lease, and it being further established that the Bank of Winnfield was not the owner of the lease, it cannot be said that the Bank of Winnfield had impliedly authorized the purchases of Paulette and rendered itself liable for such purchases.

The evidence does not indicate that in the transactions between the Bank of Winnfield and Paulette there was any conspiracy to assist Paulette in avoiding payment of his debts, and granting that the plaintiff's assignor could have filed a lien on the property, and have been entitled to a superior privilege on the proceeds of the sale made in the foreclosure

proceedings, the present action was not for that purpose but to hold the Bank of Winnfield personally liable, and the evidence does not establish any such right.

It is therefore ordered that the judgment appealed from be annulled, avoided and reversed, and that plaintiff's demands be rejected at its costs.